FILED
2013 Oct-28 PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
JAKE MENDEL, etc., et al.,   }
                             }
     Plaintiffs,             }
                             }      CIVIL ACTION NO.
v.                           }      13-AR-1630-S
                             }
MORGAN KEEGAN & COMPANY,     }
INC.,                        }
                             }
     Defendant.              }
```

**MEMORANDUM OPINION AND ORDER**

On October 24, 2013, the court conducted an oral hearing on the motion of plaintiff, Jake Mendel ("Mendel"), to remand the above-entitled matter to the Circuit Court of Jefferson County, Alabama, from which it was removed by defendant, Morgan Keegan & Company, Inc. ("Morgan Keegan").

This is a case of first impression. An "appeal" was filed by Mendel in the state court pursuant to Rule 71B, Alabama Rules of Civil Procedure, initiating a challenge to an arbitration award. Obviously, Rule 71B could not have been invoked by Mendel if he had originally petitioned this court to vacate the very same arbitration award. The Federal Rules of Civil Procedure do not contain Rule 71B or anything like it. The removal statute, 28 U.S.C. § 1441(a), only allows the removal of "any **civil action** brought in a State court of which the district courts of the United States have **original jurisdiction**". (emphasis added). This court is known as a stickler for enforcing the bedrock proposition that

the removal jurisdiction of federal courts is strictly limited by statute and that the primary and presumptively correct forum is the state courts.

The court was worried until October 24, 2013, about whether the "appeal" Mendel filed in the state court was a "civil action" and a matter over which this court would have had "original jurisdiction".  If Mendel's filing was neither of these things, this court would lack subject-matter jurisdiction.

During oral argument, both Mendel and Morgan Keegan allayed this court's fears by agreeing that Mendel will, in this court, have open to him any and all avenues of attack on the arbitration award that he would have had if the case had remained in state court.  Accordingly, this court concludes that the "appeal" filed under Rule 71B is the functional equivalent of an original action or petition filed in this court seeking to set aside the arbitration award.  This is precisely the same relief Mendel sought by his "appeal" under Rule 71B.  If Morgan Keegan had not conceded this point, the court might well have granted the motion to remand.  Because of the clarification arrived at on October 24, 2013, and because the requisites of diversity jurisdiction under 28 U.S.C. § 1332 exist, the motion to remand is not well taken, and is hereby DENIED.

This case does not fit the mold for application of Rules 16 and 26, F.R.Civ.P.  The hearing of October 24, 2013, will be

treated as the meeting required by Rule 16.  Although the schedule may hereinafter be modified on motion for good cause shown, it is hereby ORDERED as follows:

1. Mendel is relieved of any obligation to comply with the procedures in Rule 71B.

2. Mendel shall **within fourteen (14) days** file a motion or petition to vacate the subject arbitration award, stating the facts and legal theories under which the award should be vacated.

3. **Within fourteen (14) days** after receiving Mendel's motion, Morgan Keegan shall answer or otherwise respond to the motion.

4. Each party is allowed to take no more than five depositions, and to submit no more than ten interrogatories, and no more than five requests for production.

5. Discovery shall be completed **within ninety (90) days.**

6. Dispositive motions shall be filed **within thirty (30) days after the expiration of discovery**.

7. In the event that the case is not disposed of on summary judgment, the case will be set for non-jury trial **within sixty (60) days** after the ruling on any motion for summary judgment, or **within sixty (60) days** after the last date upon which motions for summary judgment could have been filed.

DONE this 28th day of October, 2013.

                                                                      _____
                                                                      WILLIAM M. ACKER, JR.
                                                                      UNITED STATES DISTRICT JUDGE