FILED
2013 Dec-03  AM 11:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

JAKE MENDEL, etc., et al.,     }
                               }
    Plaintiffs,                 }
                               }      CIVIL ACTION NO.
v.                             }      13-AR-1630-S
                               }
MORGAN KEEGAN & COMPANY,       }
INC.,                          }
                               }
    Defendant.                  }
```

**MEMORANDUM OPINION AND ORDER**

In his appeal and motion to vacate, plaintiff seeks to set aside the arbitration award and to refer the controversy to another panel of arbitrators.  The challenge to the award is based on, among other things, the alleged "evident partiality" of one of the arbitrators.  The "evident partiality" of an arbitrator is one of the grounds for vacatur listed in the Federal Arbitration Act, 9 U.S.C. § 10(a).  Plaintiff alleges that the chairman of the arbitration panel failed to disclose the attorney-client relationship between his employer and defendant and that this non-disclosure gives a reasonable impression of partiality. Plaintiff bears the burden of proving facts that support such a reasonable impression of partiality. *See Middlesex Mutual Ins. Co. v. Levine*, 675 F.2d 1197, 1200-01 (11th Cir. 1982).  In cases of non-disclosure, such as in the instant case, the movant also must provide evidence, whether direct or circumstantial, that the arbitrator had actual knowledge of the undisclosed fact. *Gianelli*

*Money Purchase Plan & Trust v. ADM Investor Servs., Inc.*, 146 F.3d 1309, 1312-13 (11th Cir. 1998).

Plaintiff alleges that the facts give a reasonable impression of partiality, but he does not allege that the arbitrator had actual knowledge of the undisclosed attorney-client relationship. Although the "'mere appearance of bias or partiality is not enough to set aside an arbitration award,' [] it is enough to require the district court to grant an evidentiary hearing." *F.D.I.C. v. IIG Capital LLC*, 525 F. App'x 904, 905 (11th Cir. 2013) (quoting *Univ. Commons-Urbana v. Universal Constructors, Inc.*, 304 F.3d 1331, 1340 (11th Cir. 2002)). Moreover, "[t]he 'evident partiality' question necessarily entails a fact intensive inquiry [as t]his is one area of the law which is highly dependent on the unique factual settings of each particular case." *Univ. Commons-Urbana, Ltd. v. Universal Constructors Inc.*, 304 F.3d 1331, 1345 (11th Cir. 2002) (quoting *Lifecare Int'l, Inc. v. CD Med., Inc.*, 68 F.3d 429, 435 (11th Cir. 1995)) (internal quotation marks omitted). To like effect is *Terminix Int'l Co., L.P. v. Scott*, 1111232, 2013 WL 5394441 (Ala. Sept. 27, 2013). In *Terminix*, the Supreme Court of Alabama, as recently as September 27, 2013, reached the following conclusion:

> [W]e conclude that Terminix has presented evidence in support of its postjudgment motion to vacate the arbitration award that "raises a threshold inference of possible bias" necessary "to warrant a hearing for the purpose of determining whether adequate evidence exists to grant" Terminix's motion to vacate the arbitration award [on grounds of evident partiality]. Upon remand as to this issue, we note that the trial court should

> "review the offered evidence pursuant to the 'reasonable impression of partiality' standard," . . . and, in assessing whether [the arbitrator] was "biased or partial in his arbitration of the underlying dispute is to consider whether [Terminix] makes a showing through admissible evidence that the court finds to be credible, that gives rise to an impression of bias that is direct, definite, and capable of demonstration, as distinct from a 'mere appearance' of bias that is remote, uncertain, and speculative.

*Id.* at *13 (citations omitted).

In accordance with the foregoing, plaintiff's appeal and motion to vacate is hereby SET for evidentiary hearing **at 10:30 A.M., February 4, 2014**.  Given that credibility will be important to the inquiry, the parties may present witness testimony in the form of live testimony or video deposition only.  This requirement applies prospectively through the discovery deadline of January 28, 2014, but not to any depositions that have been taken before entry of this order.

DONE this 3rd day of December, 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE