IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAKE MENDEL, etc., et al., | } | |
| | } | |
| Plaintiffs, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 13-AR-1630-S |
| | } | |
| MORGAN KEEGAN & COMPANY, INC., | } | |
| | } | |
| Defendant. | } | |
| | } | |

**MEMORANDUM OPINION AND ORDER**

On June 25, 2015, the court heard oral argument on the motion by appellant Morgan Keegan for a stay of the judgment pending the appeal.

As this court reads Federal Rule of Civil Procedure 62(d), the means by which an appellant can obtain a stay of the enforcement of a judgment is by the posting of a supersedeas bond designed to protect the appellee from the harm he may sustain if the appeal is unsuccessful. The usual case that calls for a supersedeas bond is an appeal from a money judgment, in which a surety bond for the amount of the judgment, plus interest, and the costs of defending the appeal would be posted, even if the judgment defendant is a giant corporation with assets far exceeding the amount of the judgment. That is not this case. The judgment in this case orders that the underlying controversy between the parties be arbitrated in a proceeding in which the Mendel Parties might recover millions of dollars or nothing. Rule 62(d) was not tailored for this

situation.

Morgan Keegan insists that its prospects for victory on appeal are so good that it should not be required to post a bond at all. With this contention the court respectfully disagrees, but declines to engage in extended debate on the subject.

The problem for the court, then, is to quantify in some reasonable way the harm that Mendel Parties might suffer in the event this court is affirmed and the controversy goes to arbitration. As the court exercises its considerable discretion in the premises, there are several imponderables that must be considered. The theory of supersedeas assumes that without a bond the obligor under the judgment might not be able to comply if it loses its appeal. There is no evidence in this case of the net worth of Morgan Keegan, or whether it will be in business after its appeal, or that it will be prepared to engage in an expensive and lengthy arbitration proceedings and pay the multimillion dollar award that Mendel Parties think they are entitled to. It is a sure thing that Morgan Keegan's pending appeal will be pending for a long time, during which witnesses and evidence for an arbitration proceeding may be lost. Mendel Parties' cost of defending the appeal will also be sizeable.

Taken together, the court hereby **FIXES** a supersedeas bond in the amount of $200,000 which, if approved as to form and as to the corporate surety, shall be posted by Morgan Keegan within 14 days,

after which the judgment will be stayed by separate order.


DONE this 26th day of June, 2015.


                                        _____
                                        WILLIAM M. ACKER, JR.
                                        UNITED STATES DISTRICT JUDGE